IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| Mokena Corp., | ) |
| an Illinois Corporation, | ) Case No. 11-11820 |
| Debtor/ Debtor-in-Possession. | ) |
| | ) Honorable Eugene R. Wedoff |
| | ) |

AGREED FINAL ORDER AUTHORIZING
USE OF CASH COLLATERAL AND GRANTING REPLACEMENT LIEN

Upon Final Hearing For Entry Of Interim Order Authorizing Use of Cash Collateral (the "Cash Collateral Motion") filed by Mokena Corp. (the "Debtor"), pursuant to §§ 105, 361, 363, 503 and 507 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Bankruptcy Rule 4001-2, seeking authority for Mokena Corp. to use Cash Collateral (as defined herein) of Harris Bank ('Bank")

**THE DEBTOR AND BANK HEREBY STIPULATE AS FOLLOWS:**

A.   Petition Date.   On March 22, 2011 (the "Petition Date"), the Debtor filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code (collectively, the bankruptcy cases of the Debtors shall be referred to as, the "Case").

B.   Debtor in Possession.   The Debtor has continued in the management and possession of its business and properties as Debtors-in-Possession pursuant to Bankruptcy Code §§ 1107 and 1108. No Official Committee of Unsecured Creditors has not been appointed in this Case as of the date hereof.

1816073.1

C. <u>Jurisdiction and Venue</u>. This Court has jurisdiction over this proceeding and the parties and property affected hereby pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

D. <u>Prepetition ClaimsAgainst Mokena</u>. Subject to the provisions of paragraph 6 below, the Debtor acknowledges, agrees and stipulates that:

(i) Pursuant to a Promissory Note, Assignment of Rents and Mortgage dated as of April 12, 2008 entered into by the Debtor and Harris Bank (as amended, supplemented, waived and otherwise modified from time to time, the "Loan Agreement" and together with all other security agreements, documents, notes, instruments and any other agreements delivered pursuant thereto or in connection therewith, the "Financing Documents"), Harris Bank made loans and advances to, and/or provided other financial accommodations to or for the benefit of the Debtor from time to time;

(ii) The Debtor was, as of the Petition Date, indebted to Harris Bank on account of the Indebtedness (as defined below), which is comprised of amounts due in connection with the Financing Documents and unpaid fees, costs and expenses in an unliquidated amount. For purposes of this Order, the term "Indebtedness" shall mean and include, without duplication, any and all amounts owing or outstanding under the Financing Documents, and all interest on, fees and other costs, expenses and charges owing in respect of, such amounts (including, without limitation, any reasonable attorneys', accountants', financial advisors' and other fees and expenses that are chargeable or reimbursable under the applicable provisions of the Financing Documents and this Order), which as of March 22, 2011, such total Indebtedness was $4,621,844.41, plus attorneys' fees and costs.

(iii) Pursuant to the Financing Documents, the Debtor granted to and/or for the benefit of Harris Bank first priority and continuing pledges, liens and security interests (the "Prepetition Liens") to secure the Indebtedness, on and in certain real property of the Debtor

commonly known as 18001 Old LaGrange Road, Mokena, Illinois, including proceeds and rents and profits thereof (the "Prepetition Collateral");

(iv) As of the Petition Date and immediately prior to giving effect to this Order, (a) the Financing Documents are valid and binding agreements and obligations of the Debtor and are enforceable against the Debtor in accordance with their terms, (b) the Prepetition Liens (i) constitute valid, binding, enforceable and perfected first priority security interests and liens, but only to the extent such permitted liens are valid, enforceable, non-avoidable liens and security interests that are perfected prior to the Petition Date (or perfected after the Petition Date to the extent permitted by section 546(b) of the Bankruptcy Code), and (ii) are not subject to avoidance, reduction, disallowance, impairment or subordination pursuant to the Bankruptcy Code or applicable non-bankruptcy law, and (c) the Indebtedness constitutes the legal, valid and binding obligations of the Debtor, and the Indebtedness, and any amounts paid at any time to Harris Bank on account thereof or with respect thereto, are not subject to (i) any objection, offset, defense or counterclaim of any kind or nature, or (ii) avoidance, reduction, disallowance, impairment, recharacterization or subordination pursuant to the Bankruptcy Code or applicable non-bankruptcy law; and

(v) The Debtor has waived, discharged and released any right it may have to challenge any of the security for the Indebtedness.

**Based upon the foregoing, the Cash Collateral Motion, and the record before the Court with respect to the Cash Collateral Motion, and good and sufficient cause appearing therefor,**

**IT IS HEREBY ORDERED that:**

1. <u>Authorization to Use Cash Collateral</u>. Subject to the terms and conditions of this Order, the Debtors may use Cash Collateral to pay actual, ordinary, and necessary expenses set forth in the budget attached hereto as Exhibit "A," or as such budget may be modified in writing

1816073.1

with the prior written consent of Bank, which shall not be unreasonably withheld (the "Budget"). In no event shall the Debtors use Cash Collateral to pay any items in excess of 115% of the amount set forth in the Budget, either by line item or in the aggregate, measured on a bi-weekly basis.

2. Harris Bank is hereby granted, retroactive to the Petition Date and without the necessity of any additional documentation or filings, valid, enforceable, non-avoidable, and fully perfected liens (the "Adequate Protection Liens") of the highest available priority, subject only to any valid and enforceable preexisting liens, upon any property that the Debtor acquires after the Petition Date including, without limitation, any rents received from the Debtor's prepetition collateral and postpetition operations, but excluding any avoidance actions under chapter 5 of the Bankruptcy Code.

3. Adequate Protection Superpriority Claims. Pursuant to Sections 503(b) and 507(b) of the Bankruptcy Code and to the extent of any Deficiency, the Court grants to the Prepetition Bank an allowed superpriority administrative expense claim in each of the Cases (the "Adequate Protection Superpriority Claim"). The Adequate Protection Superpriority Claim shall be junior to all secured claims and to the quarterly fees payable to the United States Trustee pursuant to 28 U.S.C. § 1930; or the fees and expenses of the Clerk of this Court.

4. Adequate Protection Payments.

A. The Debtor shall pay to the Bank on the 1st day of each month hereafter the sum of $26,864.47, such sum equaling the monthly prepetition interest on the Indebtedness.

B. The Bank's application of the above monthly payments to interest, is without prejudice to the rights of any party to seek reallocation of the payments.

4

1816073.1

C. For additional adequate protection the Debtor shall within ten (10) business days following the Debtor's receipt of a written summary invoice (with a copy delivered to Debtor's counsel, the U.S. Trustee and any counsel to an official committee of unsecured creditors (if appointed) (the "Committee")), the Debtor shall pay Harris Bank's reasonable fees and expenses for legal counsel rendered postpetition that relate to the Indebtedness and Harris Bank's interests in the Debtor's Case; <u>provided,</u> that none of such fees and expenses, as adequate protection payments hereunder, shall be subject to approval by the Court or to the United States Trustee Guidelines, and Harris Bank shall not be required to file with respect thereto any interim or final fee application with the Court; <u>provided, further,</u> that if an objection to a professional's invoice is made within ten (10) business days following the Debtor's Counsel's receipt of such invoice, or if the total fees to date exceed $20,000, the Debtor shall only be required to pay the undisputed amount or an amount up to $20,000 and the Court shall have jurisdiction to determine any dispute concerning such invoice or payment of additional fees.

5. <u>The Debtors' Obligations</u>. The Debtors shall maintain insurance of the kind covering the Prepetition Collateral including, without limitation, fire, hazard, comprehensive, and public liability, as may be currently in effect, and obtain such additional insurance in an amount as is appropriate for the businesses in which the Debtors are engaged.

6. Notwithstanding anything herein to the contrary, including the Debtor's stipulations and releases herein solely as they relate to Harris Bank, (a) the Debtor shall have until 28 days from the date of this Order, (b) the Committee, if appointed, shall have until the later of (i) 60 days from the date of appointment of the Committee and (ii) 75 days from the entry of this Order, and (c) any other non-debtor party in interest (including, without limitation, any receiver, administrator or trustee appointed or elected in the Case or any successor

case or in any jurisdiction) shall have until 75 days from the entry of this Order (the applicable date, (the "Investigation, Termination Dates")) to investigate the validity, perfection, and enforceability of the Prepetition Liens or to assert any other claims or causes of action against Harris Bank. If the Debtor, Committee (if appointed), or any non-debtor party in interest, determines that there may be a challenge by the Investigation Termination Dates, the Debtor, Committee (if appointed) or other non-debtor party in interest shall have only until the applicable Investigation Termination Date to commence an adversary proceeding or contested matter (each, a "Challenge"), as required by the applicable Bankruptcy Rules, on behalf of the Debtor's estate setting forth the basis of any such Challenge. In no event shall the filing of any such Challenge affect any of the rights, privileges, powers or remedies of Harris Bank under this Order or the Financing Documents pending a ruling on such Challenge. If no Challenge is filed on or before the appropriate Investigation Termination Date (or such other later date as extended by the written consent of the Debtor and Harris Bank), then the agreements, acknowledgements, releases and stipulations contained in paragraph D of this Order shall be irrevocably binding on the estates, the Committee (if appointed) and all other parties in interest. If the Debtor initiates a Challenge, Harris Bank may withdraw its consent to this Agreed Order which shall terminate upon 7 days notice to the Debtor.

7. <u>Retention of Jurisdiction</u>. The Court has and will retain jurisdiction to enforce this Order according to its terms.

8. <u>Automatic Stay</u>. The Automatic Stay is hereby vacated and modified to the extent necessary to permit (a) the Debtors and the Bank to commit all acts and take all actions necessary to implement this Order, and (b) all acts, actions, and transfers contemplated herein.

1816073.1

9.    <u>Status Hearing</u>. This matter is set for a status hearing on October 5, 2011 at 10:00 A.M.

JUN 28 2011

_____
Hon. Eugene R. Wedoff
United States Bankruptcy Judge

AGREED:

| For Mokena Corp. | For Harris Bank |
|---|---|
| /s/ David K. Welch | /s/ L. Judson Todhunter |
| David K. Welch (ARDC 0618321) | L. Judson Todhunter (ARDC 2840510) |
| Crane Heyman Simon Welch & Clar | Howard & Howard Attorneys PLLC |
| 135 S. Lasalle Street | 200 S. Michigan Avenue, #1100 |
| Suite 3705 | Chicago, IL 60604 |
| Chicago, IL 60603 | Telephone (312) 372-4000 |
| Telephone (312)641-6777 | |

1816073.1

# EXHIBIT "A"

# BUDGET

Mokena Corp
3048 W. 119th Street, Merrionette Park, IL 60803
Units: 3  NRSF:

| ACCOUNT DESCRIPTION | | | JULY 07/01-07/31/2011 | AUGUST 08/01-08/31/2011 | SEPTEMBER 09/01-09/30/2011 |
|---|---|---|---|---|---|
| | | Starting Cash | $ 114,227.66 | $ 152,027.54 | $ 189,827.42 |
| **INCOME** | | | | | |
| Rental Income | | | | | |
| | 4500-0000 | Office Market Rent | $ 68,692.21 | $ 68,692.21 | $ 68,692.21 |
| Concessions | | | | | |
| | 4710-0000 | Office Rent Concessions | $ - | $ - | $ - |
| Total Concessions | | | $ - | $ - | $ - |
| Rent Free | | | | | |
| | 4757-0000 | Rent Free Office | $ - | $ - | $ - |
| | 4735-0000 | Rent Free Operating Personnel | $ - | $ - | $ - |
| | 4756-0000 | Down Unit Not Rentable | $ - | $ - | $ - |
| Total Rent Free | | | $ - | $ - | $ - |
| Other Income | | | | | |
| Laundry Income | | | | | |
| | 5710-0000 | Laundry Income | $ - | $ - | $ - |
| Total Laundry Income | | | $ - | $ - | $ - |
| Miscellaneous Income | | | | | |
| | 5611-0000 | Returned Check Fee | $ - | $ - | $ - |
| | 5800-0000 | Late Payment Fee/Discount Loss | $ - | $ - | $ - |
| | 5612-0000 | Application Fee | $ - | $ - | $ - |
| | 5925-0000 | Short Term Lease Fee | $ - | $ - | $ - |
| | 5613-0000 | Lease Termination/Sublease Fee | $ - | $ - | $ - |
| | 5730-0000 | Damages/Cleaning | $ - | $ - | $ - |
| | 5614-0000 | Key Fee | $ - | $ - | $ - |
| | 5614-0000 | Lock Out Fee | $ - | $ - | $ - |
| | 5615-0000 | Pet Fee | $ - | $ - | $ - |
| | 5665-0000 | Bad Debt Recoveries | $ - | $ - | $ - |
| | 5700-0000 | Miscellaneous Income | $ - | $ - | $ - |
| Total Miscellaneous Income | | | $ - | $ - | $ - |
| Total Other Income | | | $ - | $ - | $ - |
| **TOTAL INCOME** | | | $ 182,919.87 | $ 220,719.75 | $ 258,519.63 |

## OPERATING EXPENSES

### Payroll

| Account | Description | | | |
|---|---|---|---|---|
| 7830-0000 | Leasing Agent Payroll | $ - | $ - | $ - |
| 7810-0000 | Manager Payroll | $ - | $ - | $ - |
| 7815-0000 | Ownership Payroll | $ - | $ - | $ - |
| 7840-0000 | Engineer Payroll | $ - | $ - | $ - |
| 7820-0000 | Supervisor Payroll | $ - | $ - | $ - |
| 7835-0000 | Janitorial Payroll | $ - | $ - | $ - |
| 6510-1600 | Maintenance Payroll | $ 2,000.00 | $ 2,000.00 | $ 2,000.00 |
| 7850-0000 | Payroll Taxes | $ - | $ - | $ - |
| | Health Insurance | $ - | $ - | $ - |
| **Total Payroll** | | $ 2,000.00 | $ 2,000.00 | $ 2,000.00 |

### Renting Expenses

| 7500-0000 | Advertising & Marketing | $ - | $ - | $ - |
|---|---|---|---|---|
| 7505-0000 | Brochures | $ - | $ - | $ - |
| 7430-0000 | Leases & Lead Base Pamphlets | $ - | $ - | $ - |
| 7630-0000 | Travel/Mileage Reimbursement | $ - | $ - | $ - |
| 7515-0000 | Miscellaneous Renting Expenses | $ - | $ - | $ - |
| 7520-0000 | Resident Referrals | $ - | $ - | $ - |
| 7525-0000 | Commissions | $ - | $ - | $ - |
| 7700-0000 | Credit Reporting Fees | $ - | $ - | $ - |
| **Total Renting Expenses** | | $ - | $ - | $ - |

### Administrative Expenses

| 7420-0000 | Office Supplies and Expenses | $ - | $ - | $ - |
|---|---|---|---|---|
| 7410-0000 | Telephone | $ 68.23 | $ 68.23 | $ 68.23 |
| 7425-0000 | Office Equipment Expenses | $ - | $ - | $ - |
| 7610-4000 | Project Legal Fees | $ - | $ - | $ - |
| 7615-0000 | Auditing | $ - | $ - | $ - |
| 7626-0000 | Bank Fees | $ - | $ - | $ - |
| 6551-0000 | Accounting and Bookkeeping | $ 500.00 | $ 500.00 | $ 500.00 |
| 7992-0000 | Professional Fees | $ - | $ - | $ - |
| 6390-0000 | Miscellaneous Administrative Expenses | $ - | $ - | $ - |
| 7635-0000 | Employee Training | $ - | $ - | $ - |
| 6390-0800 | Dues and Subscriptions | $ - | $ - | $ - |
| 7625-0000 | Credit Card Processing | $ - | $ - | $ - |
| **Total Administrative Expenses** | | $ 568.23 | $ 568.23 | $ 568.23 |

### Utility Expense

| 6410-0000 | Electricity | $ 9,500.00 | $ 9,500.00 | $ 9,500.00 |
|---|---|---|---|---|
| 6450-0100 | Electricity/Vacant Units | $ - | $ - | $ - |
| 6430-0000 | Water & Sewer | $ 765.51 | $ 765.51 | $ 765.51 |
| 6420-0000 | Fuel Gas | $ - | $ - | $ - |
| **Total Utilities** | | $ 10,265.51 | $ 10,265.51 | $ 10,265.51 |

## REPAIRS AND MAINTENANCE EXPENSE

| Account | Description | | | |
|---|---|---|---|---|
| **Decorating** | | | | |
| 6230-3000 | Decorating Supplies | $ - | $ - | $ - |
| 6230-0000 | Apartment Interior Painting | $ - | $ - | $ - |
| 6230-2000 | Common Area Painting | $ - | $ - | $ - |
| 6520-0640 | Apartment Interior Make Ready | $ - | $ - | $ - |
| 6230-1000 | Exterior Painting | $ - | $ - | $ - |
| **Total Decorating** | | $ - | $ - | $ - |
| **Contract Expense** | | | | |
| 6245-0000 | Electric Repairs | $ - | $ - | $ - |
| 6260-0000 | Exterminating | $ - | $ - | $ - |
| 6265-0000 | Landscape Maintenance Contract | $ 1,983.93 | $ 1,983.93 | $ 1,983.93 |
| 6515-0150 | Elevator Maintenance Contract | $ 437.48 | $ 437.48 | $ 437.48 |
| 6450-0000 | Rubbish Removal Service Contract | $ 1,360.00 | $ 1,360.00 | $ 1,360.00 |
| 6240-0000 | HVAC Service | $ - | $ - | $ - |
| 6266-0000 | Snow Removal | $ - | $ - | $ - |
| **Total Contract Expense** | | $ 3,781.41 | $ 3,781.41 | $ 3,781.41 |
| **Other Repairs and Maintenance** | | | | |
| 6484-0000 | Fire Extinguishers | $ - | $ - | $ - |
| 6220-0000 | Janitorial Supplies | $ - | $ - | $ - |
| 6515-4200 | Shades/Blinds Materials | $ - | $ - | $ - |
| 8455-1200 | Appliances | $ - | $ - | $ - |
| 6215-0000 | Carpentry | $ - | $ - | $ - |
| 6520-3200 | Electrical | $ - | $ - | $ - |
| 6520-3300 | Elevator | $ - | $ - | $ - |
| 8455-1551 | Floors and Floor Tile | $ - | $ - | $ - |
| 8455-1400 | Furniture/Furnishings/Carpet | $ - | $ - | $ - |
| 8455-1300 | Maintenance Equipment | $ - | $ - | $ - |
| 8455-1700 | Parking Lot | $ - | $ - | $ - |
| 6210-5500 throu Plumbing/Sewer | | $ - | $ - | $ - |
| 8455-1600 | Roofs/Gutters/Building Improvements | $ - | $ - | $ - |
| 6280-0000 | Windows/Glass | $ - | $ - | $ - |
| 6210-8000 | HVAC Supplies/Electrical Parts | $ - | $ - | $ - |
| 6522-0000 | Landscaping/Snow Removal | $ - | $ - | $ - |
| 6546-0200 | HVAC | $ - | $ - | $ - |
| 6570-0100 | Automotive Gas and Oil | $ - | $ - | $ - |
| 6225-0000 | Miscellaneous & Tools & Lights & Vanities | $ - | $ - | $ - |
| 6216-0000 | Licenses and Inspection Fees | $ - | $ - | $ - |
| 6905-0000 | Laundry Expense | $ - | $ - | $ - |
| 6255-0000 | Swimming Pool Expense | $ - | $ - | $ - |
| **Total Other Repairs and Maintenance** | | $ - | $ - | $ - |
| **Garage/Parking Expense** | | | | |
| 8455-1100 | Garage Repairs | $ - | $ - | $ - |
| **Total Garage/Parking Expense** | | $ - | $ - | $ - |
| **Taxes and Insurance** | | | | |
| 8540-0000 | Real Estate Tax Escrow Deposit | $ 13,703.35 | $ 13,703.35 | $ 13,703.35 |
| 8540-0000 | Real Estate Tax | $ - | $ - | $ - |
| | Net | $ 13,703.35 | $ 13,703.35 | $ 13,703.35 |
| **Insurance Expense** | | | | |
| 8540-0000 | Insurance Escrow Deposit | $ 573.83 | $ 573.83 | $ 573.83 |
| 8540-0000 | Insurance Expense | $ - | $ - | $ - |
| **Total Insurance Expense** | | $ 573.83 | $ 573.83 | $ 573.83 |
| **Total Taxes and Insurance** | | $ 14,277.18 | $ 14,277.18 | $ 14,277.18 |
| **TOTAL OPERATING EXPENSES** | | $ 30,892.33 | $ 30,892.33 | $ 30,892.33 |
| **NOI BEFORE FINANCIAL AND NONRECURRING** | | $ 152,027.54 | $ 189,827.42 | $ 227,627.30 |

| | | | | | |
|---|---|---|---|---|---|
| **Non-Recurring** | | | | | |
| 6210-3000 | Apartment Interior | $ | - | $ | - |
| 6210-2000 | Common Area Interior | $ | - | $ | - |
| 6210-1000 | Building Exterior | $ | - | $ | - |
| 8455-1550 | Building Mechanical | $ | - | $ | - |
| 8455-1600 | Common Area Exterior | $ | - | $ | - |
| 6205-0000 | Vehicle Restoration and Repair | $ | - | $ | - |
| 6591-7000 | Marketing | $ | - | $ | - |
| 6591-7100 | Resident Retention | $ | - | $ | - |
| 6591-9990 | Other | $ | - | $ | - |
| **Total Non-Recurring** | | $ | - | $ | - |
| **NET OPERATING INCOME** | | $ 152,027.54 | $ 189,827.42 | $ 227,627.30 |
| **Capital Expenditures** | | | | | |
| 8455-1000 | Land Improvements | $ | - | $ | - |
| 8455-1100 | Buildings | $ | - | $ | - |
| 1420-2000 | Building Fixed Equipment | $ | - | $ | - |
| 8455-1200 | Building Portable Equipment | $ | - | $ | - |
| 7465-0000 | Office Furniture / Fixtures / Equipment | $ | - | $ | - |
| 1465-1000 | Model Apartment Furniture | $ | - | $ | - |
| 8455-1400 | Furniture / Furnishings / Carpeting | $ | - | $ | - |
| 8455-1500 | Maintenance Equipment | $ | - | $ | - |
| 1480-0000 | Motor Vehicles | $ | - | $ | - |
| 8455-1450 | Cabinets /Doors | $ | - | $ | - |
| 8455-1600 | Building Improvements | $ | - | $ | - |
| 8455-1700 | Parking Lot Improvements | $ | - | $ | - |
| 1420-1000 | Alterations | $ | - | $ | - |
| **Total Capital Expenditures** | | $ - | $ - | $ - |
| **Replacement Reserves** | | | | | |
| 1320-0000 | Replacement Reserve Deposit | $ | - | $ | - |
| 1320-7500 | Replacement Reserve Withdraw | $ | - | $ | - |
| 1322-7500 | Replacement Reserve Reimbursement | $ | - | $ | - |
| 1323-0000 | Special Contingency Reserve | $ | - | $ | - |
| **Net replacement Reserves** | | $ - | $ - | $ - |
| **Total Capital and Replacement Reserves** | | $ - | $ - | $ - |
| **Cash Flow before Debt and Equity Items** | | $ 152,027.54 | $ 189,827.42 | $ 227,627.30 |
| **Financial Expenses** | | | | | |
| 2110-0000 | Mortgage Principal | $ | - | $ | - |
| 8510-0000 | Mortgage Interest | $ | - | $ | - |
| 6890-0000 | Miscellaneous | $ | - | $ | - |
| **Total Financial Expenses** | | $ - | $ - | $ - |
| **NET CASH FLOW FROM OPERATIONS** | | $ 152,027.54 | $ 189,827.42 | $ 227,627.30 |

Mokena Corp
3048 W 119th Street, Merrionette Park, IL 60803

Units:

| ACCOUNT DESCRIPTION | | JULY 07/01-07/31/2011 | AUGUST 08/01-08/31/2011 | SEPTEMBER 09/01-09/30/2011 |
|---|---|---|---|---|
| Starting Cash | $ | 114,227.66 | $ 152,027.54 | $ 189,827.42 |
| INCOME | | | | |
| Rental Income | $ | 68,692.21 | $ 68,692.21 | $ 68,692.21 |
| Other Income | | - | - | - |
| Total Income | $ | 182,919.87 | $ 220,719.75 | $ 258,519.63 |
| EXPENSES | | | | |
| Payroll | $ | 2,000.00 | $ 2,000.00 | $ 2,000.00 |
| Renting Expenses | $ | - | - | - |
| Administrative Expenses | $ | 568.23 | 568.23 | 568.23 |
| Utility Expenses | $ | 10,265.51 | 10,265.51 | 10,265.51 |
| Decorating Expenses | $ | - | - | - |
| Contract Expenses | $ | 3,781.41 | 3,781.41 | 3,781.41 |
| Repairs and Maintenance Expenses | $ | - | - | - |
| Taxes and Insurance Expense | $ | 14,277.18 | 14,277.18 | 14,277.18 |
| Capital Expenses | $ | - | - | - |
| Total Expenses | $ | 30,892.33 | 30,892.33 | 30,892.33 |
| Net Income & Ending Cash Balance | $ | 152,027.54 | $ 189,827.42 | $ 227,627.30 |