## IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Case No.11-11820 |
| Mokena Corp., | ) | Chapter 11 |
| an Illinois Corporation, | ) | Judge Wedoff |
| | ) | |
| Debtor. | ) | |

### NOTICE OF MOTION

TO:    ATTACHED SERVICE LIST:

PLEASE TAKE NOTICE that on the 26th day of February, 2013 at 10:00 a.m. or as soon thereafter as counsel can be heard, I shall appear before the Honorable Eugene R. Wedoff, Bankruptcy Judge, in the room usually occupied by him as courtroom 744 in the United States Bankruptcy Court in the Everett McKinley Dirksen Federal Building, 219 South Dearborn Street, Chicago, Illinois, or before any other Judge who may be sitting in his place and stead and shall present the **MOTION FOR ALLOWANCE OF FINAL COMPENSATION AND REIMBURSEMENT OF EXPENSES TO DEBTOR'S COUNSEL**, a copy of which is attached hereto and herewith served upon you, and shall pray for the entry of an Order in compliance therewith.

AT WHICH TIME and place you may appear if you so see fit.

/s/David K. Welch
Crane, Heyman, Simon, Welch & Clar
135 S. LaSalle St., Suite 3705
Chicago, Illinois 60603
(312) 641-6777

### CERTIFICATE OF SERVICE

| | |
|---|---|
| STATE OF ILLINOIS | ) |
| | ) |
| COUNTY OF COOK | ) |

The undersigned, being first duly sworn on oath deposes and states that he caused a copy of the foregoing Notice and attached Motion was caused to be served via First Class Mail properly addressed and postage prepaid to all parties with an asterisk (*) on the 25th day of January 2013 and a copy of the Notice regarding the fee hearing was served upon all parties on the attached service list, on the 25th day of January, 2013.

/s/David K. Welch

## SERVICE LIST

United States Trustee *
Dirksen Federal Building
219 South Dearborn Street
Suite 873
Chicago, IL 60604

L. Judson Todhunter *
Howard & Howard Attorneys PLLC
200 S. Michigan Ave., Suite 1100
Chicago, IL 60604

Harris Bank
c/o Howard & Howard Attys., PLLC
200 S. Michigan Ave., Suite 1100
Chicago, IL 60604

Carmel Real Estate LLC
c/o Peter Kitchin
14343 Woodland Ave.
Orland Park, IL 60462

6007 N Kenmore Assoc
6007 N Kenmore
Chicago, IL 60660

6011 N. Kenmore Associates
6007 N. Kenmore
Chicago, IL 60660

900 W Argyle
6007 N Kenmore
Chicago, IL 60660

ADT Security Services
11 Windsor Drive
Oak Brook, IL 60523

ADT Security Services Inc
14200 E Exposition Avenue
Aurora, CO 80012

ComEd
440 S LaSalle Street
Chicago, IL 60605

Commonwealth Edison Company
3 Lincoln Center
Oakbrook Terrace, IL 60181

Cook County Treasurer
118 N. Clark, Suite 112
Chicago, IL 60602

Corporate Contract Cleaning Inc.
21373 Settlers Pond Drive
Frankfort, IL 60423

Driftin Services
PO Box 1012
Frankfort, IL 60423

Enviro Mechanical Inc.
1020 W. Fullerton Ave., Suite D
Addison, IL 60101

Garden Apts LLC
5345 N Clinton St
Fort Wayne, IN 46825

Garden Apts LLC
4127 W. 127th Street
Alsip, IL 60803

Goldy Locks
17048 Oak Park Ave.
Tinley Park, IL 60477

Hanover Insurance Co.
440 Lincoln Street
Worcester, MA 01653-0002

Harris Bank
c/o Howard & Howard Attys., PLLC
200 S. Michigan Ave., Suite 1100
Chicago, IL 60604

Heartcare Centers of Illinois
19001 Old LaGrange Road #2
Mokena, IL 60448

Joseph Junkovic
30 E Huron Unit 5207
Chicago, IL 60606

Kenmore Realty Group
6007 N. Kenmore
Chicago, IL 60660

Kropic Papuga & Shaw
120 S. LaSalle St., Suite 1500
Chicago, IL 60603

Maria Junkovic
4831 N Oketo
Harwood Heights, IL 60706

Mc Squared Energy Svs., LLC
Department #10177
Chicago, IL 60680-0618

MFJT, LLC
4127 W. 127th Street
Alsip, IL 60803

Otis Elevator Company
10 Farm Springs Road
Farmington, CT 06032

Otis Elevator Company, et al
Attn Treasury Svcs-Credit/Collection
1 Farm Springs 1st Flr
Farmington, CT 06032

Ozinga Bros
19001 Old LaGrange Road #300
Mokena, IL 60448

Sandrick Law Firm LLC
1581 Huntington Drive
Calumet City, IL 60409

Somerset Park Apartments
4127 W. 127th Street
Alsip, IL 60803

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: Kenmore Realty Group, LLC,<br>an Illinois Limited Liability Company,<br>Debtor/Debtor-in-Possession. | Case No. 10-55868 |
| In re: Joseph Junkovic,<br>Debtor/Debtor-in-Possession. | Case No. 10-55888 |
| In re:  Tom Junkovic,<br>Debtor/Debtor-in-Possession. | Case No. 10-55896 |
| In re: Maria Junkovic,<br>Debtor/Debtor-in-Possession. | Case No. 10-55902 |
| In re: MFJT, LLC,<br>an Illinois Limited Liability Company,<br>Debtor/Debtor-in-Possession. | Case No.11-11819 |
| In re: Mokena Corp.,<br>an Illinois corporation,<br>Debtor/Debtor-in-Possession. | Case No. 11-11820 |
| In re: Garden Apts., LLC,<br>an Indiana Limited Liability Company,<br>Debtor/Debtor-in-Possession. | Case No. 11-19271 |
| In re: Midwestern Equities, LLC,<br>an Illinois Limited Liability Company<br>Debtor/Debtor-in-Possession. | Case No. 11-19283<br>Chapter 11 Cases<br>Judge Eugene R. Wedoff |

## NOTICE OF HEARING ON MOTIONS FOR ALLOWANCE OF FINAL COMPENSATION AND REIMBURSEMENT OF EXPENSES TO DEBTORS' COUNSEL

**TO ALL CREDITORS AND PARTIES IN INTEREST:**

PLEASE TAKE NOTICE that on January 25, 2013, David K. Welch and the law firm of Crane, Heyman, Simon, Welch & Clar, counsel for the above referenced Debtors, filed Motions for Allowance of Final Compensation and Reimbursement of Expenses (the "CHSWC Motions"), requesting the following attorneys' fees and expenses:

| Debtor | Fees | Expenses | Period |
|---|---|---|---|
| Kenmore Realty Group, LLC<br>Joseph Junkovic<br>Tom Junkovic<br>Maria Junkovic (Combined) | $178,447.50 | $9,393.16 | 12/15/10-10/9/12 |
| MFJT, LLC | $145,838.50 | $2,266.01 | 3/16/11-10/9/12 |
| Mokena Corp. | $85,517.50 | $2,063.78 | 3/16/11-10/9/12 |
| Garden Apts., LLC | $131,248.00 | $2,765.98 | 4/27/11-10/9/12 |

| Midwestern Equities, LLC | $40,272.00 | $1,517.74 | 5/2/11-10/9/12 |

PLEASE TAKE FURTHER NOTICE that any person objecting to the CHSWC Motions, is directed to file their objection(s) in writing with the Clerk of the United States Bankruptcy Court, 219 South Dearborn Street, Chicago, Illinois 60604, on or before the hour of 4:30 p.m., on the **20th day of February, 2013**, with a copy of said objection(s) to be simultaneously served upon David K. Welch, Crane, Heyman, Simon, Welch & Clar, 135 South LaSalle, Suite 3705, Chicago, Illinois 60603.

PLEASE TAKE FURTHER NOTICE that a hearing on the CHSWC Motions, together with objections timely filed, if any, will be held before the Honorable Eugene R. Wedoff, Bankruptcy Judge, Courtroom No. 744, 219 South Dearborn Street, Chicago, Illinois, on the **26th day of February, 2013**, at the hour of **10:00 a.m.**, at which time and place you may appear if you so see fit.

DATED: January 25, 2013

**DEBTORS' COUNSEL**:
David K. Welch, Esq. (Atty. No. 06183621)
Arthur G. Simon, Esq. (Atty. No. 03124481)
Jeffrey C. Dan, Esq. (Atty. No. 06242750)
Crane, Heyman, Simon, Welch & Clar
135 South LaSalle Street, Suite 3705
Chicago, IL 60603
TEL: (312) 641-6777 - FAX: (312) 641-7114
W:\GRACE\Junkovic Cases 2nd Amnd Plan\fee.CHSWC.notice.COMBINED.wpd

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN RE:                                    )
                                          )   Case No.11-11820
Mokena Corp.,                             )   Chapter 11
an Illinois Corporation,                  )   Judge Wedoff
                                          )
          Debtor.                         )

## COVER SHEET FOR APPLICATION FOR
## PROFESSIONAL COMPENSATION

Name of Applicant: <u>CRANE, HEYMAN, SIMON, WELCH & CLAR, Debtor's Counsel</u>

Authorized to Provide
Professional Services to: <u>Debtor</u>

Date of Order
Authorizing Employment:  <u>April 20, 2011</u>  (Retroactive to March 22, 2011)

Period for Which Compensation
is Sought:  From: <u>March 16, 2011</u> through <u>October 9, 2012</u>

Amount of Fees Sought: <u>$85,517.50</u>

Amount of Expense
Reimbursement Sought: <u>$2,063.78</u>

This is a(n):  Interim Application ___  Final Application <u>X</u>
If this is not the first Application filed herein by this professional, disclose as to all prior fee
applications:

| Date Filed | Period Covered | Total Requested (Fees and Expenses) | Total Allowed |
|---|---|---|---|
| None | | | |

The aggregate amount of fees and expenses paid to the Applicant to date for services rendered and expenses
herein is: $30,000.00 as a pre-petition retainer to be applied to any final compensation allowed by this Court.

Date: January 25, 2013

                              David K. Welch and the firm

                    Applicant:   <u>Crane, Heyman, Simon, Welch & Clar</u>


                              By: <u>/s/David K. Welch</u>
                                 Debtors' Counsel

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Case No.11-11820 |
| Mokena Corp., | ) | Chapter 11 |
| an Illinois Corporation, | ) | Judge Wedoff |
| | ) | |
| Debtor. | ) | |

**MOTION FOR ALLOWANCE OF FINAL COMPENSATION AND
REIMBURSEMENT OF EXPENSES TO DEBTOR'S COUNSEL**

David K. Welch and the law firm of Crane, Heyman, Simon, Welch & Clar ("CHSWC"),

Counsel to Mokena Corp.,  Debtor herein, make their Motion pursuant to Section 330 of the

Bankruptcy Code for Allowance of Final Compensation and Reimbursement of Expenses for

legal services rendered and expenses incurred during the period March 16, 2011, through

October 9, 2012; and in support thereof, state as follows:

**Introduction**

1.     On March 22, 2011, the Debtor filed its voluntary petition for relief under

Chapter 11 of the Bankruptcy Code ("Petition Date").

2.     The Debtor operated its business and managed its financial affairs as Debtor-in-

Possession through confirmation of its Second Amended Plan of Reorganization ("Plan"). No

trustee, examiner or committee of unsecured creditors was appointed to serve in this

reorganization case.

3.     On April 20, 2011, this Court entered an Order authorizing the Debtor to retain

CHSWC as its Counsel in this Chapter 11 case retroactive to March 22, 2011, with compensation

subject to the further Order of this Court.

4.    By this Motion, CHSWC requests an allowance of final compensation and reimbursement of expenses in the amounts of $85,517.50 and $2,063.78, respectively, for legal services rendered to the Debtor during the period March 16, 2011, through October 9, 2012. Itemizations of the legal services rendered and expenses incurred during the relevant period are attached to this Motion as **Exhibits A and B**, respectively.

5.    CHSWC has not received any prior allowances of interim compensation and expenses in this Chapter 11 case. The pre-petition retainer of $30,000.00 received by CHSWC will be applied by CHSWC to any allowance of final compensation and expenses awarded by this Court.

6.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. Sections 157 and 1334. This matter is a "core" proceeding within the meaning of 28 U.S.C. Section 157(b)(2)(A) and (O).

7.    The statutory predicates for the relief requested in this Motion are Section 330 of the Bankruptcy Code and Rules 2002(a) and 2016(a) of the Federal Rules of Bankruptcy Procedure.

**Relevant Factual Background**

8.    The Debtor is an Illinois corporation that is the owner and operator of a four (4) story office building located at 19001 Old LaGrange Road, Mokena, Illinois ("Property").

9.    The Property is comprised of 43,000 square feet of office and common area space. The Property is fully occupied with two (2) tenants; namely; Ozinga Ready Mix Concrete, Inc. and Heart Care Centers of South Chicago, Ltd.

-2-

10.     This Chapter 11 case is related to the following seven (7) other Chapter 11 cases which are pending in this Court ("Related Debtors or Related Cases"):

| DEBTOR | CASE NUMBER | FILING DATE |
|---|---|---|
| Tom Junkovic | 10-55896 | 12/20/10 |
| Maria Junkovic | 10-55902 | 12/20/10 |
| Joseph Junkovic | 10-55888 | 12/20/10 |
| Kenmore Realty Group, Ltd. | 10-55868 | 12/20/10 |
| MFJT, LLC | 11-11819 | 3/22/11 |
| Garden APTS., LLC | 11-19271 | 5/5/11 |
| Midwestern Equities, LLC | 11-19283 | 5/5/11 |

11.     The Debtor's operational and profitability problems were principally due to the general economic problems facing this country over the last several years (particularly in real estate) and the multitude of financial issues arising therefrom.

12.     On September 30, 2011, the Debtor filed a Joint Plan of Reorganization and supporting Joint Disclosure Statement with the Related Debtors.  Thereafter, on December 19, 2011, the Debtor field a First Amended Joint Plan of Reorganization and First Amended Joint Disclosure Statement with the Related Debtors.  Finally on September 6, 2012, the Debtor filed a Second Amended Joint Plan Of Reorganization ("Plan") and Second Amended Joint Disclosure Statement ("Disclosure Statement").

13.     Under the Plan, the Debtor and the Related Debtors proposed a joint reorganization that provided for, among other things, the substantive consolidation of the Debtor and Related Debtors for Plan purposes.  Several creditors originally objected to confirmation of the Plan.  Eventually, all such objections were settled and resolved.

14.    On December 20, 2011, this Court entered an Order pursuant to Section 1125 of the Bankruptcy Code approving the Disclosure Statement.  On October 17, 2012, this Court entered an order confirming the Plan.

15.    Other events occurred during the course of this Chapter 11 case which are detailed later in this Motion.

**Final Compensation**
**and Expenses Requested**

16.    CHSWC is  a law firm whose practice is almost exclusively concentrated in the fields of bankruptcy, reorganization and insolvency.  CHSWC is comprised of five (5) members, one (1) associate and two (2) "of counsel" attorneys, some of whom have participated in representing the Debtor in this bankruptcy case.

17.    The following is biographical information pertaining to those attorneys who have been primarily involved in the representation of the Debtor.  Other attorneys at CHSWC have also participated to a lesser extent in this Chapter 11 case.  Each such attorney has significant experience and expertise in bankruptcy, reorganization and litigation matters.

18.    DAVID K. WELCH is a member of the law firm and has been practicing law in the State of Illinois since 1982.  His practice has always been primarily concentrated in the fields of bankruptcy, insolvency and debtor's and creditor's rights.  He has represented debtors, trustees, creditors' committees, secured creditors, unsecured creditors and equity holders.  From October, 1979, through June, 1982, he served as Deputy Chapter 13 Trustee in the Northern District of Illinois under Craig Phelps, Chapter 13 Trustee.  He has authored manuscripts for the Illinois Institute of Continuing Legal Education on matters involving bankruptcy and insolvency.  He has lectured at seminars relating to bankruptcy issues at the

-4-

Chicago Bar Association. He has served as a member of the Bankruptcy Mediation Panel Sub-Committee of the Chicago Bar Association. Furthermore, in conjunction with his financial mediation and negotiation training, he has completed a course sponsored by the National Institute for Trial Advocacy in conjunction with Northwestern University. He is a member of the Federal Trial Bar and is admitted to practice before the United States Courts of Appeals for the Seventh and Third Circuits, and before the United States District Courts for the Northern and Central Districts of Illinois, the Northern District of Indiana and the Eastern District of Wisconsin. He is a member of several other bar associations and legal organizations. He was formerly a member of the Standing Committee of the Illinois State Bar Association on Liaison with the Attorney Registration and Disciplinary Commission. Mr. Welch is the former Chairman of the Chicago Bar Association Committee on Bankruptcy and Reorganization, is a former member of the Advisory Board of the American Bankruptcy Institute, and is the former Vice Chair of the Bankruptcy Court Liaison Committee.

19.    ARTHUR G. SIMON is a member of the law firm of Crane, Heyman, Simon, Welch & Clar, and has been practicing law since 1979 when he graduated from the Loyola University of Chicago, School of Law. Mr. Simon has been admitted to practice law in the state courts of Illinois, in the United States Court of Appeals for the Seventh Circuit, and in the United States District Courts for the Northern and Central Districts of Illinois, the Eastern District of Wisconsin and the Northern District of Indiana. He is a member of the Federal Trial Bar.

Beginning in 1981, he became engaged almost exclusively in the practice of bankruptcy and insolvency litigation and has represented virtually every type of party in such matters,

including Chapter 7 and Chapter 11 debtors, secured creditors, landlords, trustees, and creditors' committees. His activities have included membership in the Chicago Bar Association Committee on Bankruptcy and Reorganization. He has served as the Editor of the Advance Sheets provided by said Committee. In that capacity, he reported the rulings and opinions of the Bankruptcy Judges in the Northern District of Illinois to the Bankruptcy Committee members of the Chicago Bar Association. He served for several years on the Commercial, Banking and Bankruptcy Section Council of the Illinois State Bar Association for whom he has published several articles, and also served on the General Assembly of that Association.

20.    SCOTT R. CLAR is a member of the law firm of Crane, Heyman, Simon, Welch & Clar, and has been a practicing attorney in the State of Illinois since 1982. He has been primarily responsible for the representation of the Debtor in this case. From January, 1985, through September, 1986, he was employed as a staff attorney with the United States Trustee's Office in the Northern District of Illinois, where he administered over 200 Chapter 11 cases, as well as supervised Chapter 7 panel trustees. From September, 1986, through December, 1987, he was employed by the law firm of Adelman & Gettleman, Ltd., where he continued to practice in the areas of bankruptcy and insolvency related matters. In January 1988, he became associated with Dannen, Crane, Heyman & Simon, predecessor to CHSWC, and became a partner in 1994. His practice is concentrated in the field of bankruptcy, having represented Chapter 7 and Chapter 11 debtors, trustees, unsecured creditors' committees and various creditors. Mr. Clar has been a panel member and a moderator for several bar association-sponsored bankruptcy seminars. He is a member of the Federal Trial Bar. He is a former Chairman of the Chicago Bar Association Committee on Bankruptcy and Reorganization.

21.    JEFFREY C. DAN is a member of the law firm and has been practicing law in the

State of Illinois since 1997.  He graduated from DePaul University School of Law.  He was

practiced as a trial attorney in a number of areas of the law including personal injury, domestic

relations, criminal law and commercial litigation.  Mr. Dan joined the firm in September of 2002

and has been actively involved in all aspects of bankruptcy litigation as well as State Court

litigation that arises in insolvency matters. Mr. Dan is admitted to practice in the United States

Court of Appeals for the Seventh Circuit and the Third Circuit, and the United States District

Courts for the Northern and Central Districts of Illinois, Northern District of Indiana, and the

Eastern District of Wisconsin, and is a member of the Federal Trial Bar.

22.    The hourly rates usually charged by CHSWC in matters of this nature are

as follows:

| Attorney | Hourly Rates |
| --- | --- |
| Eugene Crane (EC)[1] | $495.00 |
| Glenn R. Heyman (GRH) | $495.00 |
| Arthur G. Simon (AGS) | $480.00 |
| David K. Welch (DKW) | $480.00 |
| Scott R. Clar (SRC) | $480.00 |
| Jeffrey C. Dan (JCD) | $405.00 |
| John H. Redfield (JHR) | $380.00 |
| Thomas W. Goedert | $425.00 |

23.    The following is a chart that depicts the total hours that each attorney at

CHSWC expended in representing the Debtor during the relevant period:

---

[1] These are the abbreviations utilized in the Exhibits to this Motion.

| **Attorney** | **Hours** | **Amount** |
|---|---|---|
| Arthur G. Simon | 30.20 | $14,496.00 |
| David K. Welch | 143.10 | $68,688.00 |
| Scott R. Clar | .60 | $   288.00 |
| Jeffrey C. Dan | 4.30 | $ 1,741.50 |
| John H. Redfield | .80 | $   304.00 |
| **Total** | **179.00** | **$85,517.50** |

24.     During the course of the representation of the Debtor during the relevant period, CHSWC incurred expenses of $2,063.78.  These expenses are itemized on **Exhibit B** to this Motion.

**Legal Services Rendered to the Debtor**

25.     The representation of the Debtor is categorized in this Motion as follows:

A.     **General Administration**
The matters in this category include assisting the Debtor with the general administration of this bankruptcy case and the Debtor's business operations and financial affairs, filing routine motions and filing professionals' fee applications and retention motions.  Also included in this category are legal services related to the preparation of bankruptcy schedules, continued utility service at the Property and assisting the Debtor with its  monthly operating reports and responding to general creditor inquiries.

**Total Time Expended**                          **26.40 hours**

| Attorney | Hours | Amount |
|---|---|---|
| Arthur G. Simon | 6.40 | $3,072.00 |
| David K. Welch | 14.30 | $6,864.00 |
| Scott R. Clar | .60 | $  288.00 |
| Jeffrey C. Dan | 4.30 | $1,741.50 |
| John H. Redfield | .80 | $  304.00 |
| **TOTAL** | **26.40** | **$12,269.50** |

Attached to this Motion as **Exhibit C** is an itemization of the legal services rendered in this category.

B)      **Chapter 11 Filing**

The preparation and organization implemented by CHSWC
to accomplish the filing of this Chapter 11 case required more
than the typical effort associated with the commencement of a
reorganization proceeding.  CHSWC was able to complete the
filing of this Chapter 11 case swiftly and efficiently.

**Total Time Expended**                                   **7.50 hours**

| Attorney | Hours | Amount |
|---|---|---|
| Arthur G. Simon | 3.20 | $1,536.00 |
| David K. Welch | 4.30 | $2,064.00 |
| **TOTAL** | **7.50** | **$3,600.00** |

Attached to this Motion as **Exhibit D** is an itemization of the legal services rendered in this
category.

C)      **Cash Collateral**

The cornerstone to the successful administration of this
Chapter 11 case was based upon the continued and
uninterrupted use of cash collateral.  The lender agreed
to the Debtor's continuous use of cash collateral.  This
Court routinely entered Cash Collateral Orders throughout
the pendency of this Chapter 11 case.

**Total Time Expended**                                   **30.20 hours**

| Attorney | Hours | Amount |
|---|---|---|
| David K. Welch | 30.20 | $14,496.00 |
| **TOTAL** | **30.20** | **$14,496.00** |

Attached to this Motion as **Exhibit E** is an itemization of the legal services rendered in this
category.

D)      **Lender Issues**

CHSWC reviewed all of the lender's loan documents and
advised the Debtor accordingly.  Immediately prior to the
Petition Date, the lender froze approximately $105,000.00 on

deposit in the Debtor's bank account. The Debtor and the lender eventually agreed to the use of these frozen funds in conjunction With the Plan.

**Total Time Expended**            **11.10 hours**

| Attorney | Hours | Amount |
|----------|-------|--------|
| David K. Welch | 11.10 | $5,328.00 |
| **TOTAL** | **11.10** | **$5,328.00** |

Attached to this Motion as **Exhibit F** is an itemization of the legal services rendered in this category.

E)     **Chapter 11 Exit Strategy**

The Debtor promptly filed its original Plan of Reorganization and supporting Disclosure Statement. Thereafter, the Debtor filed the First Amended Plan of Reorganization and First Amended Disclosure Statement followed by the Second Amended Plan of Reorganization which were supported by numerous creditor constituencies. However, other creditors objected to the Plan. The Plan had several unique provisions including substantive consolidation and property surrenders. Eventually, all Plan objections were settled and resolved. This Court approved the Amended Disclosure Statement and confirmed the Plan.

**Total Time Expended**            **76.20 hours**

| Attorney | Hours | Amount |
|----------|-------|--------|
| Arthur G. Simon | 18.90 | $9,072.00 |
| David K. Welch | 57.30 | $27,504.00 |
| **TOTAL** | **76.20** | **$36,576.00** |

Attached to this Motion as **Exhibit G** is an itemization of the legal services rendered in this category.

F)     **Property Issues**

CHSWC assisted the Debtor with various issues relating to the Property which were typical in real estate cases. These issues involved several landlord/tenant matters,

-10-

real estate taxes, insurance, maintenance of the Property
and capital improvements at the Property

**Total Time Expended**                    **27.60 hours**

| Attorney | Hours | Amount |
|---|---|---|
| Arthur G. Simon | 1.70 | $   816.00 |
| David K. Welch | 25.90 | $12,432.00 |
| **TOTAL** | **27.60** | **$13,248.00** |

Attached to this Motion as **Exhibit H** is an itemization of the legal services rendered in this category.

**Conclusion**

26.    Other than as provided in Section 504(b) of the Bankruptcy Code, CHSWC  has not shared, nor agreed to share, any compensation received as a result of this case with any person, firm or entity.

27.    CHSWC asserts that the compensation requested in this Motion is reasonable compensation for the actual and necessary legal services rendered based upon the time, nature, extent and value of such professional services.  CHSWC further asserts that the cost of legal services rendered for and on behalf of the Debtor is comparable to the cost of similar services in matters other than under the Bankruptcy Code.

28.    CHSWC asserts that the expenses for which reimbursement is sought in this Motion are reasonable and were actual and necessary expenditures required in the representation of the Debtor.

29.    CHSWC submits that the compensation and expenses requested are fair, reasonable and warranted under the circumstances.

-11-

WHEREFORE, DAVID K. WELCH and the law firm of CRANE, HEYMAN, SIMON, WELCH & CLAR, Debtor's Counsel, pray for the entry of an Order allowing final compensation and reimbursement of expenses in the amounts of $85,517.50 and $2,063.78, respectively; and granting such other relief as may be just and appropriate.

Respectfully Submitted,

DAVID K. WELCH, and the law firm of CRANE, HEYMAN, SIMON, WELCH & CLAR

By:____/s/David K. Welch_____

**DEBTOR'S COUNSEL**:
David K. Welch, Esq.(Atty. No. 06183621)
Arthur G. Simon, Esq. (Atty. No. 03124481)
Jeffrey C. Dan, Esq. (Atty. No. 06242750)
Crane, Heyman, Simon, Welch & Clar
135 South LaSalle Street, Suite 3705
Chicago, IL 60603
TEL: (312) 641-6777 - FAX: (312) 641-7114
W:\GRACE\Junkovic Cases 2nd Amnd Plan\Mokena -Pay CHSWC.No.1.mot.wpd

-12-